WEISS v. UNION INDUSTRIAL TRUST & SAVINGS BANK.

GIFTS—INTER VIVOS—SUFFICIENCY OF EVIDENCE.
> In suit to have validity of alleged gift *inter vivos* decreed, evidence *held*, insufficient to sustain decree in favor of plaintiff.

Appeal from Genesee; Pugsley (Earl C.), J., presiding. Submitted April 12, 1932. (Docket No. 79, Calendar No. 36,411.) Decided June 6, 1932. Rehearing denied September 14, 1932.

Bill by Roy J. Weiss against Union Industrial Trust & Savings Bank, individually and as special administrator of the estate of Fred J. Weiss, deceased, to determine the ownership of certain corporate stock, for an accounting and other relief. Decree for plaintiff. Defendant appeals. Reversed.

*McTaggart & Krapohl* and *Wallace C. Hall,* for plaintiff.

*Brownell & Gault, George W. Cook, John J. Carton,* and *Harry G. Gault,* for defendants.

NORTH, J. Plaintiff, by his bill of complaint, seeks to have the validity of an alleged gift *inter vivos* decreed, an accounting, and injunctive relief. In the circuit court a valid gift was found and decreed. Defendant has appealed.

In October, 1929, Mr. Fred J. Weiss, plaintiff's father, entered into a contract with the defendant by which the management and control of a large portion of his property and business affairs was turned over to defendant. The property thus in-

trusted to the bank included 1,500 shares of common stock in the General Motors Corporation, and it is this block of stock which is the subject-matter of the alleged gift. In November following, Mr. Fred J. Weiss was very ill and became a patient at Ford Hospital in Detroit. While there he loaned the 1,500 shares of stock in suit to his personal friend, Mr. Motherwell, to be used by the latter as marginal security in stock transactions. Shortly thereafter Mr. Motherwell returned the same number of shares of this stock to Mr. Weiss, but the stock returned was not evidenced by the same certificates as were loaned. Instead, the returned certificates had been issued in the name of Paine-Webber Company, indorsed in blank, and, being in what is commonly termed "street form," were negotiable. At the time this stock was returned to Mr. Fred J. Weiss at the Ford Hospital there were present in the room with him, besides Mr. Motherwell, the plaintiff, the plaintiff's wife, and Jean Lougheed, a nurse. It is plaintiff's claim that the gift occurred in the following manner: After Mr. Motherwell had returned the stock to Mr. Weiss, Sr., he handed the certificates to his son, the plaintiff herein, saying at the time: "Roy, you take this and take care of it, put it away, it is yours, it may be handy to you some day." A few days after the alleged gift, about November 16, 1929, plaintiff and Mr. Motherwell called upon Mr. Lloyd Kirby, the vice-president and trust officer of the Union Industrial Trust & Savings Bank, located in Flint, Michigan. The certificates evidencing the 1,500 shares of stock were left with Mr. Kirby. Plaintiff claims that he had previously been given to understand by Mr. Kirby that the account of Mr. Weiss, Sr., at the bank was in a somewhat precarious condition, requiring the deposit of

further security; and plaintiff asserts the stock was left with the bank for that purpose. Plaintiff took no receipt or memorandum of any kind for the stock left with Mr. Kirby. Mr. Motherwell testified that on this occasion, in the presence of the plaintiff, he informed Mr. Kirby that this stock had been given to plaintiff by his father. Plaintiff gave testimony to the same effect. On the other hand, Mr. Kirby denies that he was so informed, and he also denied that the stock was deposited as collateral to the account of Mr. Fred J. Weiss. Instead, it is the contention of the defendant bank that these 1,500 shares of stock were simply returned to the bank to be held under its contract with Mr. Weiss, Sr., the stock having previously been withdrawn from the bank's custody incident to the loan to Mr. Motherwell. After the return of the stock to the bank, it continued to hold the same and other property of Mr. Fred J. Weiss until the latter's death, September 1, 1930. Thereafter the defendant was appointed special administrator of Mr. Weiss' estate; and, as against plaintiff's demand for delivery of this stock, defendant, denying plaintiff's title thereto, and asserting it was an asset of the estate, claimed the right as administrator to retain it.

Plaintiff's direct proof of the alleged gift is met by testimony disclosing a course of conduct on the part of the parties concerned and of numerous incidents which are quite decidedly inconsistent with plaintiff's contention. In this connection Mr. Kirby testified that the bank account of Mr. Fred J. Weiss, Sr., was not in need of collateral security at the time plaintiff delivered the stock to the bank, and also Mr. Kirby denies emphatically that he had previously made statements of that character to plaintiff. The circuit judge accepted Mr. Kirby's tes-

timony as true. In such an event it is almost beyond explanation that plaintiff, who himself was a man well experienced in business affairs, would have surrendered his personal stock to the bank for no obvious purpose and without taking a receipt of any character therefor. That Mr. Kirby at the time understood that the stock was being returned to the bank as the property of Mr. Weiss, Sr., is strongly indicated by the fact that Mr. Kirby immediately had the stock transferred on the books of the corporation from the "street form" in which the certificates then were back into the name of Fred J. Weiss, Sr. It is also strange that during the 10 or 11 months that intervened between the time of the alleged gift and the death of Mr. Weiss, Sr., and for substantially two months thereafter, plaintiff made no claim whatever that this stock was his individual property. All during this period plaintiff knew that quarterly dividends were paid on the stock amounting to substantial sums, yet he made no claim whatever that these dividends should be turned over by the bank to him. The opinion of the circuit judge clearly indicates that he was disposed to place very little, if any, credence in the testimony of any of the witnesses who testified to being present and having personal knowledge of the alleged gift, with the possible exception of Mr. Motherwell. As to this witness, it may be noted that his hearing was very much impaired and it is somewhat difficult to believe that he would have heard the statement of Mr. Weiss, Sr., incident to the alleged gift, the latter at that time being confined to his bed, very ill, and advanced in age. We think it is also a fair inference from the record that Mr. Motherwell felt none too kindly towards Mr. Kirby, who as an officer of the bank in a way had interfered

with the further use of the 1,500 shares of stock by Mr. Motherwell as collateral, and been somewhat instrumental in bringing about its return to Mr. Weiss. Further, this witness was disbelieved by the trial judge in that portion of his testimony wherein he contradicts the testimony of Mr. Kirby.

We have given the testimony in this record careful consideration upon review. We are much impressed with the fact that the trial judge made it very plain that upon this record he was loath to sustain the alleged gift. In our judgment, under all the facts and circumstances disclosed, plaintiff's claim of a gift *inter vivos* has not been sustained.

The decree of the circuit court is reversed; and a decree may be taken dismissing plaintiff's bill of complaint. Defendant will have costs of both courts.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.